VILAR, PLAINTIFF AND APPELLEE, v. EL ANCORA,
DEFENDANT AND APPELLANT.

## APPEAL from the District Court of Ponce in an Action of Debt.

No. 2457.—Decided July 26, 1921.

APPEAL—EVIDENCE.—If the appellant does not submit to the Supreme Court the record of a case which he offered in evidence in the trial court to prove that another action was pending between the same parties for the same cause,· it can not be held on appeal that the ruling refusing to admit such evidence was erroneous.

ID.—NEW TRIAL—SURPRISE.—When a motion for a new trial is based on surprise in that the defeated party relied on the fact that the action was not brought by the real party in interest and the evidence of the plaintiff shows the contrary, an order refusing to grant a new trial is not erroneous, because the surprise was not "such as ordinary prudence could not have foreseen."

The facts are stated in the opinion.

*Mr. G. Rodríguez* for the appellant.

*Messrs. Francis & De la Haba* and *L. Tormes* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

El Ancora, an insurance company, appeals from a judgment in favor of the mother of one of its policy-holders and from an order overruling a motion for a new trial.

There is no separate assignment of errors and the matters complained of in the course of the argument, contained in an unpaged brief for appellant, do not demand extended consideration.

The first contention is that the court below erred in rendering judgment for plaintiff, notwithstanding a finding that the evidence as a whole justified a suspicion that the assured was tuberculous at the time of his application. The finding referred to reads thus:

"On the other hand, the court holds that although from an examination of the evidence as a whole there are some suspicions that the assured Juan Vilar, upon becoming a member of El Ancora and at the time of his death, might have been suffering from tubercu-

losis, yet this fact has not been satisfactorily proved, in the opinion of the court, and, on the contrary, the plaintiff has presented evidence tending to show that the said Juan Vilar did not suffer from said complaint.''

Articles 8 and 9 of the company's regulations read as follows:

''Art. 8.—In order that a person may become a member the formality of a medical examination is required. The physician making this examination shall be chosen by the company, which reserves the right of submitting the applicant to a new examination by its physician, should that be necessary.

''Art. 9.—After ascertaining that the applicant is in good health, or suffers from any complaint which alone would not cause death within a short time in the opinion of the physician, the company will give him a certificate showing that he is a subscriber, after the required entrance fees have been paid.''

The second specification is that the court erred by including in its judgment interest on the amount of the claim. The theory is that the company having no capital of its own, the applicant contracted for payment to be made out of assessments levied upon and collected from the members after deduction of a portion thereof to cover general expenses and by way of contribution to a certain fund, as provided by the articles of incorporation. But neither the spirit nor the letter of the clause quoted by appellant exempt the company from payment of interest on the amount overdue and unpaid to beneficiaries under the policy issued by such company.

The third proposition is that the court erred in admitting a private document as evidence of reassignment or rescission of a previous transfer of the policy made by the assured prior to his death and thereafter ratified and acknowledged by plaintiff as sole and universal heir of deceased. Sections 1247 and 1198 of the Civil Code are cited to show the invalidity of such reassignment. Section 1247 provides that

"The following must appear in a public instrument:  *  *  *
4. The assignment, repudiation, and renunciation of heredi-
tary rights or of those of the conjugal partnership.'' The
document in question however, did not purport to pass any
hereditary right of the transferor, but involved the reassign-
ment of an insurance policy by an assignee of the assured
to the sole and universal heir of such assured after his death.

Section 1198 provides that "Private instruments executed
for the purpose of changing the agreements made in a public
instrument shall produce no effect against a third person.''

Had defendant paid the amount of the policy to the orig-
inal assignee after the transfer by him to plaintiff, without
notice of such transfer, the section last quoted would be ap-
plicable; but the evidence shows, on the contrary, that de-
fendant had refused to recognize as valid the original assign-
ment upon the ground that the same had not been executed
in the presence of certain officers of the company, as required
by the regulations.  Indeed, this attitude on the part of the
company seems to have been the principal reason for the
reassignment now assailed on the grounds above indicated.

The next question raised in the brief might have consti-
tuted sufficient ground for reversal had appellant brought
up the record, admission of which was refused.  The conten-
tion is that the court erred "in not admitting as evidence
the mandamus proceeding instituted before the District Court
of Ponce by Juana María Vilar against the Ancora for the
recovery of the amount of the policy in question, which was
offered by defendant in order to show the existence of another
action pending between the same parties in regard to the
same subject-matter.''

The answer contained an affirmative averment which, lib-
erally construed, might be regarded as a plea in abatement'
on the ground of another action pending between the same
parties as to the same subject-matter, but the attention of
the court below was not called to this circumstance at the

time the record in the previous suit was offered, not as sug-
gested by appellant in the assignment of error, but in so
far as disclosed by the statement of counsel at the time for
the sole purpose of showing that a certain mandamus pro-
ceeding No. 4881 was "pending decision in the Supreme Court
of Porto Rico" by reason of an appeal taken from the judg-
ment rendered by the district court. The court below there-
upon sustained the objection of plaintiff to the admission of
such record for the purpose indicated, but added that it might
be admitted to show certain dates referred to in a previous
tender of the same evidence. Whether or not the same was
in fact admitted does not clearly appear, but in any event
appellant has not brought up the record so offered and
rejected as evidence, and for this reason we can not review
the ruling now assigned as error.

The fifth assignment is that the court erred in refusing
a new trial. In the answer defendant set up, among other
things, that "the plaintiff, Juana María Vilar, by a public
instrument dated August 21, 1915, executed before the notary
of Caguas, A. Mena, sold the rights to the policy of Juan
Vilar to Eliodoro Vidal and so notified the company, sending
it a copy of the instrument of sale." The principal, if not
the only ground of the motion for a new trial, and the point
most stressed upon appeal in this regard is that defendant
was surprised by the introduction of the rescission or reas-
signment of the policy, the admissibility of which we have
already discussed, and that, relying upon the defense that
plaintiff was not the true party in interest and upon the ad-
vice of counsel and in order to avoid unnecessary expense,
defendant had not brought its witnesses to court. The sec-
ond witness for plaintiff testified, without objection, both to
the original assignment and to the reassignment or rescis-
sion. When the document last mentioned was exhibited to
this witness however, counsel for defendant objected to fur-
ther testimony in regard thereto upon the ground that it was

a private agreement and a public instrument had been mentioned. Plaintiff thereupon offered the document as evidence and the court, although no further objection was made, of its own motion reserved its ruling pending identification of the document. When it was again tendered and admitted as evidence, no objection whatever was made thereto nor was any exception taken. We need not speculate at this time as to whether or not the admission of this evidence over proper objection by the defendant or a refusal thereupon to grant defendant a reasonable opportunity to produce its witnesses upon timely request therefor and suggestion of surprise at the trial would have been reversible error.

If the claim of surprise be not an afterthought that came too late when made for the first time as ground for a new trial, at least it is not the ''accident or surprise which ordinary prudence could not have guarded against'' contemplated by the Code of Civil Procedure, and the court below did not err in overruling the motion.

The judgment and order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.